|  |
|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br>Joel R. Spivack, Esquire JS1654<br>Law Office of Joel R. Spivack<br>1415 Marlton Pike East, Suite 302<br>Cherry Hill, NJ 08034<br>(856) 488-1200<br>Counsel for Debtor |
| In Re:<br>Patricia Russell-Chapman |

Case No.: 21-13934

Chapter: 13

Adv. No.: _____

Hearing Date: _____

Judge: JNP

## CERTIFICATION OF SERVICE

1. I, ____Joel Spivack____:

   ☒ represent ____the Debtor____ in this matter.

   ☐ am the secretary/paralegal for _____, who represents _____ in this matter.

   ☐ am the _____ in this case and am representing myself.

2. On ____April 28, 2023____, I sent a copy of the following pleadings and/or documents to the parties listed in the chart below.
   Notice of Chapter 13 Plan Transmittal
   Modified Chapter 13 Plan
   Notice of filing of Modification of Plan after Confirmation and Notice of Hearing Thereon

3. I certify under penalty of perjury that the above documents were sent using the mode of service indicated.

Date: 4-28-23

/s/ Joel Spivack
Signature

| Name and Address of Party Served | Relationship of Party to the Case | Mode of Service |
|---|---|---|
| Denise Carlon, Esq.<br>KML Law Group, PC<br>701 Market Street, Suite 5000<br>Philadelphia, PA 19106 | Attorney for US Bank, NA secured creditor | ☐ Hand-delivered<br>☐ Regular mail<br>☐ Certified mail/RR<br>☒ Other CM/ECF<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
| Select Portfolio Servicing, Inc.<br>PO Box 65250<br>Salt Lake City, UT 84165-0250 | Secured creditor | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ Other<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
| US Trustee<br>One Newark Center, Suite 2100<br>Newark, NJ 07102 | US Trustee | ☐ Hand-delivered<br>☐ Regular mail<br>☐ Certified mail/RR<br>☒ Other CM/ECF<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
| Isabel C. Balboa, Trustee<br>535 Route 38, Suite 580<br>Cherry Hill, NJ 08002 | Standing Chapter 13 Trustee | ☐ Hand-delivered<br>☐ Regular mail<br>☐ Certified mail/RR<br>☒ Other CM/ECF<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
| Creditors - see attached Creditors Matrix | | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ Other<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |

| Name and Address of Party Served | Relationship of Party to the Case | Mode of Service |
|---|---|---|
| Fifth Third Bank<br>Attn: Bankruptcy<br>Maildrop RCSB3E<br>1830 E Paris Ave SE<br>Grand Rapids, MI 49546 | Secured Creditor | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ Other _____<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
| | | ☐ Hand-delivered<br>☐ Regular mail<br>☐ Certified mail/RR<br>☐ Other _____<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
| | | ☐ Hand-delivered<br>☐ Regular mail<br>☐ Certified mail/RR<br>☐ Other _____<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
| | | ☐ Hand-delivered<br>☐ Regular mail<br>☐ Certified mail/RR<br>☐ Other _____<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
| | | ☐ Hand-delivered<br>☐ Regular mail<br>☐ Certified mail/RR<br>☐ Other _____<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |

*rev.8/1/16*

Amex
Correspondence/Bankruptcy
Po Box 981540
El Paso, TX 79998


Atlantic Gastroenterology Associates
3205 Fire Road
Egg Harbor Township, NJ 08234-5884


Capital One
Attn: Bankruptcy
Po Box 30285
Salt Lake City, UT 84130


Citibank/The Home Depot
Citicorp Credit Srvs/Centralized Bk dept
Po Box 790034
St Louis, MO 63179


Div of Pensions and Benefits
Health Benefits Bureau
PO Box 653
Trenton, NJ 08646-0653


Fifth Third Bank
Attn: Bankruptcy
Maildrop RCSB3E 1830 E Paris Ave SE
Grand Rapids, MI 49546


Gitmeid Law
11 Broadway #1677
New York, NY 10004


Helix Financial
1801 Main Street
Kansas City, MO 64101


Internal Revenue Service
Special Procedures Branch
Bankruptcy Section
PO Box 724
Springfield, NJ 07081-0724


Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

Kendall Bank
4149 Pennsylvania Avenue
Suite 102
Kansas City, MO 64111


Laboratory Corporation of America Holdin
PO Box 2240
Burlington, NC 27216-2240


Lyons Doughty & Veldhuis, PC
136 Gaither Drive, Suite 100
PO Box 1269
Mount Laurel, NJ 08054


Navient
Attn: Bankruptcy
Po Box 9640
Wilkes-Barre, PA 18773


Northstar Location Services
4285 Genesee Street
Buffalo, NY 14225-1943


Office of the U.S. Trustee
District of New Jersey
U.S. Department of Justice
One Newark Center, Suite 2100
Newark, NJ 07102


Pressler, Felt & Warshaw, LLP
7 Entin Road
Parsippany, NJ 07054-5020


Radius Global Solutions
500 North Franklin Turnpike
Suite 200
Mail Code 747
Ramsey, NJ 07446


Radius Global Solutions
PO Box 390905
Minneapolis, MN 55439


Radius Global Solutions LLC
PO Box 357
Ramsey, NJ 07446-0357

Radius Global Solutions, LLC
PO Box 390905
Minneapolis, MN 55439


Resurgent Capital Services
Attn: Bankruptcy
Po Box 10497
Greenville, SC 29603


Rubin & Rothman LLC
1787 Veterans Highway
Suite 32
PO Box 9003
Islandia, NY 11749


Select Portfolio Servicing, Inc
Attn: Bankruptcy
Po Box 65250
Salt Lake City, UT 84165


Select Portfolio Servicing, Inc.
Attn: Customer Service
PO Box 551170
Jacksonville, FL 32255-1170


Select Portfolio Servicing, Inc.
ATTN: Bankruptcy Dept.
PO Box 65250
Salt Lake City, UT 84165


Select Portfolio Servicing, Inc.
3217 South Decker Lake Drive
Salt Lake City, UT 84119


Solar House II, LLC
PO Box 3500
Draper, UT 84020


State of New Jersey
Department of the Treasury
Division of Taxation
PO Box 269
Trenton, NJ 08695-0269

State of New Jersey Dept. of Treasury
Div of Pensions and Benefits
PO Box 295
Trenton, NJ 08625-0295


Synchrony Bank/Lowes
Attn: Bankruptcy
Po Box 965060
Orlando, FL 32896


Target
c/o Financial & Retail Services
Mailstop BT PO Box 9475
Minneapolis, MN 55440


TD Bank, N.A.
32 Chestnut Street
Po Box 1377
Lewiston, ME 04243


Tesla Solar
Energy Billing Department
PO Box 3500
Draper, UT 84020

| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
|---|---|
| **Caption in compliance with D.N.J. LBR 9004-1(b)**<br>Joel R. Spivack, Esquire JS1654<br>Law Office of Joel R. Spivack<br>1415 Marlton Pike East, Suite 302<br>Cherry Hill, NJ 08034<br>(856) 488-1200<br>Counsel for Debtor | |
| In Re:<br><br>Patricia Russell-Chapman | Case No.: ___21-13934___<br><br>Hearing Date: _____<br><br>Judge: ___JNP___ |

## NOTICE OF CHAPTER 13 PLAN TRANSMITTAL

The enclosed ☐ plan, ☒ modified plan is proposed by the debtor and was filed on _____April 18, 2023_____. It has been served on you because the plan contains motions that may adversely affect your interest.

> Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. This plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

☐ **Real Property:**

The debtor(s) has valued real property located at _____
_____ [*address*] at $_____. The debtor(s) believes the first lien on the property to be in the approximate amount of $_____

[*insert other liens as appropriate*]. As such, the debtor(s) believes there is inadequate equity available to satisfy your lien and seeks through the plan to reduce, modify or eliminate your lien.

The debtor's valuation of the property is based on: (a) comparative market analysis; (b) broker price opinion; (c) appraisal; or (d) other: _____, a copy of which is attached. All forms of relief sought by motion appear in Part 7 of the plan.

☐ **Personal Property:**

The debtor(s) has valued personal property described as: _____
_____ at $_____.
The debtor(s) believes the lien on the property to be in the approximate amount of $_____
[*insert other liens as appropriate*]. As such, the debtor(s) believes there is inadequate equity available to satisfy your lien and seeks through the plan to reduce, modify or eliminate your lien.

The debtor's valuation of the property is based on: (a) broker price opinion; (b) appraisal; or (c) other: _____, a copy of which is attached. All forms of relief sought by motion appear in Part 7 of the plan.

The Confirmation Hearing is scheduled for _____June 7, 2023 at 9am_____. Objections to any relief sought in the plan, including relief sought by motion, must be filed with the Clerk of the Bankruptcy Court no later than 7 days prior to the confirmation hearing.

YOU SHOULD CONSULT WITH AN ATTORNEY PROMPTLY, SINCE ENTRY OF AN ORDER OF CONFIRMATION WILL BIND YOU TO ALL OF THE TERMS OF THE CONFIRMED PLAN.

*rev.8/1/17*

Form 185 – ntc13plnafter

# UNITED STATES BANKRUPTCY COURT

District of New Jersey
401 Market Street
Camden, NJ 08102

---

Case No.: 21-13934-JNP
Chapter: 13
Judge: Jerrold N. Poslusny Jr.

In Re: Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):
Patricia Russell-Chapman
aka Patricia R Chapman
5918 Maple Drive
Mays Landing, NJ 08330

Social Security No.:
xxx-xx-2303

Employer's Tax I.D. No.:

---

## NOTICE OF FILING OF MODIFICATION OF PLAN AFTER CONFIRMATION AND NOTICE OF HEARING THEREON

Notice is hereby given that a Plan was confirmed in this matter on August 19, 2021.

On 4/18/2023 the debtor filed a modification to the Plan.

Accordingly, a hearing will be held before the Honorable Jerrold N. Poslusny Jr. on:

Date:        June 7, 2023
Time:        09:00 AM
Location:    4th Floor Courtroom 4C, Mitchell H. Cohen Courthouse, 1 John F. Gerry Plaza, 400 Cooper Street, Camden, NJ 08101-2067

Accordingly, notice is hereby given that,

1. Seven (7) days prior to the confirmation hearing is fixed as the last day for filing a written rejection to the modified plan.

2. Pursuant to 11 U.S.C. 1323 (c), if the Plan as modified changes the rights of the holder of a secure claim, such holders acceptance or rejection of the Plan before modification will be deemed acceptance or rejection of the Plan as modified, unless the holder changes such holders acceptance or rejection of the Plan within the time fixed.

3. **If, at the confirmation hearing, the Court determines that the plan is not confirmable, the debtor's case may be dismissed or converted.**

A copy of the modified Plan will follow this notice.

Dated: April 19, 2023
JAN: lgr

Jeanne Naughton
Clerk

**File a Plan:**

21-13934-JNP Patricia Russell-Chapman

| | | |
|---|---|---|
| Type: bk | Chapter: 13 v | Office: 1 (Camden) |
| Assets: y | Judge: JNP | Case Flag: SUPDIS CONFIRMED |

## U.S. Bankruptcy Court

### District of New Jersey

Notice of Electronic Filing

The following transaction was received from Joel R. Spivack entered on 4/18/2023 at 11:19 AM EDT and filed on 4/18/2023

**Case Name:** Patricia Russell-Chapman
**Case Number:** 21-13934-JNP
**Document Number:** 45

**Docket Text:**
Modified Chapter 13 Plan - After Confirmation.. Filed by Joel R. Spivack on behalf of Patricia Russell-Chapman. (Spivack, Joel)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** PLAN-Amended.PDF
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1002741850 [Date=4/18/2023] [FileNumber=61177483-0] [68b80495bec430a554a3a8785b58807a6487e4d4a480f86769a96b0dfb8eab9e58 19ad959a9cbdd37478508d93a459176d8e9594edb17652cec5fa7b1f578a0b]]

**21-13934-JNP Notice will be electronically mailed to:**

Isabel C. Balboa
ecfmail@standingtrustee.com, summarymail@standingtrustee.com

Isabel C. Balboa on behalf of Trustee Isabel C. Balboa
ecfmail@standingtrustee.com, summarymail@standingtrustee.com

Denise E. Carlon on behalf of Creditor U.S. Bank National Association, not in its individual capacity but solely as indenture trustee, for the holders of the CIM Trust 2020-R3, Mortgage-Backed Notes, Series 2020-R3
dcarlon@kmllawgroup.com, bkgroup@kmllawgroup.com

Joel R. Spivack on behalf of Debtor Patricia Russell-Chapman
joel@spivacklaw.com, admin@spivacklaw.com;r44331@notify.bestcase.com

Gavin Stewart on behalf of Creditor Fifth Third Bank, N.A.
bk@stewartlegalgroup.com

U.S. Trustee
USTPRegion03.NE.ECF@usdoj.gov

**21-13934-JNP Notice will not be electronically mailed to:**

STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.
0 Valuation of Security          0 Assumption of Executory Contract or Unexpired Lease          0 Lien Avoidance

Last revised: August 1, 2020

# UNITED STATES BANKRUPTCY COURT
## District of New Jersey

In Re: Patricia Russell-Chapman

Case No.: 21-13934

Judge: JNP

Debtor(s)

## CHAPTER 13 PLAN AND MOTIONS

☐ Original
☐ Motions Included

☑ Modified/Notice Required
☐ Modified/No Notice Required

Date: April 18, 2023

### THE DEBTOR HAS FILED FOR RELIEF UNDER CHAPTER 13 OF THE BANKRUPTCY CODE.

### YOUR RIGHTS MAY BE AFFECTED

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

> The following matters may be of particular importance. *Debtors must check one box on each line to state whether the plan includes each of the following items. If an item is checked as "Does Not" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

THIS PLAN:

☐ DOES ☑ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☐ DOES ☑ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ☑ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

1

Initial Debtor(s)' Attorney  JRS        Initial Debtor:  P R        Initial Co-Debtor  _____

## Part 1: Payment and Length of Plan

a. The debtor has paid $9,193.00 to date to the Chapter 13 Trustee. Beginning May 1, 2023, Debtor shall pay $917.00 per month for the remaining 37 months for a total approximate plan length of <u>60</u> months.

b. The debtor shall make plan payments to the Trustee from the following sources:
- ☑ Future Earnings
- ☐ Other sources of funding (describe source, amount and date when funds are available):

c. Use of real property to satisfy plan obligations:
- ☐ Sale of real property
  Description:
  Proposed date for completion: _____

- ☐ Refinance of real property:
  Description:
  Proposed date for completion: _____

- ☐ Loan modification with respect to mortgage encumbering property:
  Description:
  Proposed date for completion: _____

d. ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. ☐ Other information that may be important relating to the payment and length of plan:

## Part 2: Adequate Protection     ☒ NONE

a. Adequate protection payments will be made in the amount of $____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to ____ (creditor).

b. Adequate protection payments will be made in the amount of $____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: ____ (creditor).

## Part 3: Priority Claims (Including Administrative Expenses)

a. All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| Joel Spivack, Esquire | Attorney Fees | 3,000.00 |
| State of New Jersey Dept. of Treasury | Taxes and certain other debts | 1,933.82 |

b. Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
Check one:
☑ None
☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim

2

pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|

## Part 4: Secured Claims

**a. Curing Default and Maintaining Payments on Principal Residence:** ☐ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| Select Portfolio Servicing, Inc | 5918 Maple Drive Mays Landing, NJ 08330 Atlantic County Title held as Patricia Russell Chapman and Avon Levern Chapman, husband and wife. Avon Levern Chapman died May 7, 2018 at which time title became vested solely in Debtor by right of | 14,000.00 | 6.75 | 16,534.09 | 1,776.11 |

**b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears:** ☑ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|

**c. Secured claims excluded from 11 U.S.C. 506:** ☑ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments** ☑ NONE

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

3

NOTE: A modification under this section ALSO REQUIRES the appropriate motion to be filed under Section 7 of the Plan.

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to Be Paid |
|---|---|---|---|---|---|---|---|
| -NONE- | | | | | | | |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender** ☑ NONE

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
| | | | |

**f. Secured Claims Unaffected by the Plan** ☐ NONE

The following secured claims are unaffected by the Plan:

Creditor
Fifth Third Bank

**g. Secured Claims to be Paid in Full Through the Plan** ☑ NONE

| Creditor | Collateral | Total Amount to be Paid through the Plan |
|---|---|---|
| | | |

## Part 5: Unsecured Claims   ☐ NONE

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:
  ☐ Not less than $____ to be distributed *pro rata*
  ☐ Not less than ___ percent
  ☑ *Pro Rata* distribution from any remaining funds

b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
| | | | |

## Part 6: Executory Contracts and Unexpired Leases   ☒ NONE

(NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
| | | | | |

4

| Part 7: Motions | ☒ NONE |
|---|---|

NOTE: All plans containing motions must be served on all affected lienholders, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service, Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.

**a. Motion to Avoid Liens under 11 U.S.C. Section 522(f).** ☑ NONE

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

**b. Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.** ☑ NONE

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
| | | | | | | |

**c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☑ NONE

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
| | | | | | |

| Part 8: Other Plan Provisions |
|---|

a. **Vesting of Property of the Estate**
☑ Upon Confirmation
☐ Upon Discharge

b. **Payment Notices**
Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

c. **Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:
1) Ch. 13 Standing Trustee Commissions
2) Other Administrative Claims

5

|   |   |
|---|---|
| 3) | Secured Claims |
| 4) | Lease Arrearages |
| 5) | Priority Claims |
| 6) | General Unsecured Claims |

### d. Post-Petition Claims

The Standing Trustee ☐ is, ☑ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

## Part 9: Modification    ☐ NONE

**NOTE:** Modification of a plan does not require that a separate motion be filed. A modified plan must be served in accordance with D.N.J. LBR 3015-2.

If this Plan modifies a Plan previously filed in this case, complete the information below.
Date of Plan being modified: May 12, 2021.

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| An Order dated April 6, 2023 was entered Resolving Secured Creditor Select Portfolio Services Motion for Relief from Automatic Stay and Provided for Cure of Post Petition Arrears. Order states that $14,770 shall be capitalized in the Plan and awards creditor attorney fees of $2,000 to be paid in the Plan. | New payment for remaining 37 months incorporates the capitalized amount above along with the creditor attorney fees. |

Are Schedules I and J being filed simultaneously with this Modified Plan?    ☐ Yes    ☑ No

## Part 10: Non-Standard Provision(s): Signatures Required

Non-Standard Provisions Requiring Separate Signatures:
☑ NONE
☐ Explain here:
Any non-standard provisions placed elsewhere in this plan are ineffective.

## Signatures

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

By signing and filing this document, the debtor(s), if not represented by an attorney, or the attorney for the debtor(s) certify that the wording and order of the provisions in this Chapter 13 Plan are identical to *Local Form, Chapter 13 Plan and Motions*, other than any non-standard provisions included in Part 10.

I certify under penalty of perjury that the above is true.

Date: April 18, 2023    /s/ Patricia Russell-Chapman
Patricia Russell-Chapman
Debtor

Date: _____    _____
Joint Debtor

Date April 18, 2023    /s/ Joel Spivack, Esquire
Joel Spivack, Esquire
Attorney for the Debtor(s)

6